UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

RANDY PIGG #V-46860            CIVIL ACTION NO. 21-cv-159

VERSUS            CHIEF JUDGE HICKS

B P X ENERGY ET AL            MAGISTRATE JUDGE HORNSBY

**REPORT AND RECOMMENDATION**

**Introduction**

Randy Pigg ("Plaintiff") is a self-represented California inmate. This is his third lawsuit related to his claim to title to DeSoto Parish mineral rights. The first two civil actions were dismissed for lack of subject matter jurisdiction. Pigg v. Gamble, 13-cv-0564 and Pigg v. Harris, 19-cv-1466. In this third suit, Plaintiff named as defendants DeSoto Parish Clerk of Court Jeremy Evans, John M. Parsons, Johnston H. Chandler, and BPX Energy.

The court ordered the marshal to attempt service on the defendants. The marshal filed a return for Johnston H. Chandler with a note that Mrs. Chandler advised that he passed away in February 2021. Doc. 18. Mr. Chandler's online obituary serves as confirmation. Plaintiff then filed a Motion to Substitute Party (Doc. 37) by which he proposed to name as a defendant the succession of Mr. Chandler. That motion was denied by a separate order. In the course of reviewing the allegations against Mr. Chandler, the undersigned determined that the complaint, as amended, fails to state a claim against Mr.

Chandler or Mr. Parsons. For the reasons that follow, it is recommended that all claims against Johnston H. Chandler and John M. Parsons be dismissed.

**Authority to Review Complaint**

Plaintiff is proceeding in forma pauperis ("IFP"). Under 28 U.S.C. § 1915(e)(2)(B)(i) & (ii), the district court shall dismiss an IFP complaint at any time if it determines that the complaint is frivolous or malicious or fails to state a claim upon which relief may be granted. A complaint is frivolous if it lacks an arguable basis in law or fact. It lacks an arguable basis in law if it is based on an indisputably meritless legal theory. The complaint lacks an arguable basis in fact if the facts alleged are clearly baseless. Rogers v. Boatright, 709 F.3rd 403, 407 (5th Cir. 2013).

A district court may also dismiss an action on its own motion under Fed. R. Civ. Pro. 12(b)(6) as long as the procedure employed is fair. Bazrowx v. Scott, 136 F.3d 1053, 1054 (5th Cir. 1998). This procedure is fair, because this report and recommendation provides Plaintiff with sufficient notice of and opportunity to respond to the possible dismissal of his case. Magouirk v. Phillips, 144 F.3d 348, 359 (5th Cir. 1998). Such a sua sponte dismissal is permissible even if done prior to a defendant being served. Alexander v. Trump, 753 Fed. Appx. 201, 208 (5th Cir. 2018).

To avoid dismissal for failure to state a claim, a plaintiff's complaint must plead enough facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955 (2007)). The factual allegations must "raise a right to relief above the speculative level." Twombly, 127 S.Ct. at 1965. "[P]ro se complaints are held to less stringent standards than those drafted

by lawyers," but even in a pro se complaint "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." Taylor v. Books A Million, Inc., 296 F.3d 376, 378 (5th Cir. 2002).

**Allegations Against Mr. Chandler and Mr. Parsons**

Plaintiff's complaint listed as defendants Johnston H. Chandler and John M. Parsons and alleged that each was employed as a "landman/lessee at the Department of Conservation Natural Resources." Plaintiff then alleged that he is an unleased co-owner entitled to participation in the Gertrude Gamble estate property, which he alleges is currently under a "hostile" mineral lease encumbrance. Plaintiff described how he has attempted to enforce his rights in the state court in DeSoto Parish, and he complained that the DeSoto Parish clerk of court had thwarted his efforts and denied him access to the courts.

The complaint includes scant reference to Mr. Chandler or Mr. Parsons. Plaintiff alleges on one page that he is the fee tail, title owner within a 113-acre estate property in DeSoto Parish. He asserts that his "ownership is superior to the Defendant's unit operator BPX Energy, and the henchmen, Lessees, John M. Parsons, and Johnston H. Chandler, a partner-ship in collusion with BPX Energy." Plaintiff alleges that he will prove that he is the legal owner of the property in question. It does not appear that Plaintiff mentions Johnston H. Chandler or John M. Parsons' names again, in either his original or amended complaints (Docs. 1 & 6), other than to allege that each is a citizen of Louisiana and to provide the addresses at which they could be served. It is not clear whether either man is alleged to own an interest in the leases or lands at issue, whether they served roles at the

Louisiana Office of Conservation (which regulates oil and gas operations), or whether they allegedly had some other role related to the interests at issue.

**Analysis**

Plaintiff filed his complaint on a form provided for asserting civil rights claims under 42 U.S.C. § 1983. He does not specifically allege that he has such a claim against Chandler or Parsons, and he does not allege any of the typical civil rights claims with respect to these defendants. At best, he asserts a form of conspiracy or collusion.

In § 1983 suits, a plaintiff must "establish that the defendant was either personally involved in the deprivation or that his wrongful actions were causally connected to the deprivation." Jones v. Lowndes County, Miss., 678 F.3d 344, 349 (5th Cir. 2012) (quoting James v. Texas Collin County, 535 F.3d 365, 373 (5th Cir. 2008)). To prove a conspiracy under § 1983, a plaintiff must allege facts that indicate (1) there was an agreement among individuals to commit a deprivation, and (2) that an actual deprivation of constitutional rights occurred. Cinel v. Connick, 15 F.3d 1338, 1343 (5th Cir. 1994).

The plaintiff in Jabary v. City of Allen, 547 Fed. Appx. 600 (5th Cir. 2013) attempted to allege a conspiracy claim against local government officials. He alleged that they held private meetings to devise a method of shutting down his business and that they "actively conspired" with each other to "destroy Jabary's civil rights." The plaintiff also alleged that there were several conversations, meetings, and other communications that took place to further the conspiracy. The Fifth Circuit held that such statements were conclusory and, without more background facts, the plaintiff was "unable to demonstrate the existence of the local officials' alleged agreement to the level of plausibility necessary

to pass scrutiny under Rule 12(b)(6). Jabary, 547 Fed. Appx. at 611. Plaintiff's allegations do not contain nearly as much information as found in Jabary, so his complaint plainly fails to state a plausible claim of conspiracy against Chandler or Parsons.

The complaint also fails to make clear whether Chandler or Parsons were, with respect to the claim at issue, allegedly acting as private individuals or as state officials/actors employed by the Office of Conservation. To prevail on a § 1983 claim, Plaintiff must show that a defendant (1) deprived him of a constitutional rights and (2) acted under color of state law. Moody v. Farrell, 868 F.3d 348, 351 (5th Cir. 2017). The state actor requirement reflects the fact that most rights secured by the Constitution are protected only against infringement by governments or government officials. Ballard v. Wall, 413 F.3d 510, 518 (5th Cir. 2005). "Private individuals generally are not considered to act under color of law." Id. Accordingly, if Chandler and Parsons are merely competing mineral interest owners or landmen who played a role in relation to the property, not state government officials, there is no viable basis for a § 1983 claim against either of them.

Plaintiff fares no better under Louisiana tort law. He alleges that Chandler and Parsons were in "collusion" with BPX. That bare allegation, however, provides no basis for a Louisiana law conspiracy claim against either of the individual defendants. Louisiana Civil Code article 2324(A) provides: "He who conspires with another person to commit an intentional or willful act is answerable, in solido, with that person, for the damage caused by such act." "Article 2324, however, does not by itself impose liability for a civil conspiracy." Ross v. Conoco, Inc., 828 So. 2d 546, 552 (La. 2002). There must be an allegation of an underlying tort that the conspirators agreed to perpetrate and which they

actually committed.  Id.  Plaintiff's complaint, as amended, does not set forth facts that make out a plausible claim of conspiracy or collusion that led to the accomplishment of a particular tort that is recognized under state law.

Plaintiff's complaint states on page six that it is a petitory action.  "The petitory action is one brought by a person who claims the ownership, but who is not in possession, of immovable property or of a real right therein, against another who is in possession or who claims the ownership thereof adversely, to obtain judgment recognizing the plaintiff's ownership." La. Code Civ. Proc. art. 3651.  If the defendant is in possession of the property, the plaintiff must prove that he acquired ownership from a previous owner, or that he acquired ownership by acquisitive prescription.  If the defendant is not in possession of the property, the plaintiff must prove a better title than the defendant.  Rodessa Oil & Land Co. v. Perkins, 104 So. 3d 52, 56 (La. App. 2d Cir. 2012).

Plaintiff alleges that his "ownership is superior to the Defendant's unit operator BPX Energy, and the henchmen, Lessees, John M. Parsons, and Johnston H. Chandler, a partner-ship in collusion with BPX Energy."  That appears to assert a title superior to that of BPX, but it does not clearly allege that either Parsons or Chandler, who are perhaps employees of the Office of Conservation, claim a competing interest in the land or minerals at issue.  If that was Plaintiff's intent, the one sentence he devoted to this claim did not adequately convey the point.  The alleged role of Parsons and Chandler as henchmen in collusion with BPX is not enough to allege a facially plausible petitory claim against either man.

**Conclusion**

The complaint, in general, does not allege enough facts against Chandler or Parsons to state any plausible claim on which relief may be granted. All that is alleged is that the men were landmen/lessees, whatever that means, at the Office of Conservation. Their role, if any, with respect to the Office or the property at issue is not described. Plaintiff offers only a conclusory assertion that the men were "henchmen" in "collusion" with BPX. It is not alleged with any specificity what they allegedly colluded to accomplish.

Plaintiff's complaint, as amended, fails to state a claim on which relief may be granted as to defendants Johnston H. Chandler and John M. Parsons. Plaintiff amended his complaint once, and he has had more than five months to allege the facts needed to make out actionable claims. He has not done so with respect to these two defendants, so the claims against them should be dismissed.

Accordingly,

It is recommended that all claims against Johnston H. Chandler and John M. Parsons be dismissed with prejudice for failure to state a claim on which relief may be granted.

**Objections**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 9th day of July, 2021.

Mark L. Hornsby
U.S. Magistrate Judge