UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| RANDY PIGG | CIVIL ACTION NO. 21-0159 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| BPX ENERGY, ET AL. | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before the Court is a Motion to Dismiss filed by Defendant Jeremy Evans ("Evans"), the Clerk of Court for the 42nd Judicial District in Desoto Parish. See Record Document 30. Plaintiff Randy Pigg ("Pigg") opposes dismissal. See Record Document 55. Evans has filed a reply memorandum. See Record Document 73-1. For the reasons assigned herein, the motion to dismiss is hereby **GRANTED** and Pigg's claim against Evans is hereby **DISMISSED**.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Pigg, a *pro se* California inmate, claims entitlement to mineral rights on an estate property in Desoto Parish. See Record Document 1 at 3. He filed the instant lawsuit, his third in this Court over the last eight years, under 42 U.S.C. § 1983 against Evans, two employees of the State of Louisiana Office of Conservation,[1] and "BPX Energy."[2] See id. at 2-3. While Pigg's initial complaint contains his allegations against all Defendants, he has separately filed an amended complaint addressing Evans specifically. See Record Document 6.

---

[1] The Court has dismissed Johnston H. Chandler and John M. Parsons from the lawsuit. See Record Document 70.

[2] "BPX Energy" does not exist. Pigg has been instructed by the Court to amend his complaint and name the correct BPX entity. See Record Document 46.

Pigg alleges Evans has denied him access to the 42nd Judicial District Court. See id. at 2. Evans is sued in his official capacity only. See id. Although Pigg's initial complaint claimed $100,000 in damages against Evans in order to meet the diversity jurisdiction threshold amount—despite also pleading federal question jurisdiction—the amended complaint appears to seek relief in the form of a writ of mandamus "to order [Evans] to fulfill the oat [sic] of office." Id. at 4; Record Document 1 at 10.

**LAW AND ANALYSIS**

Evans offers several theories in support of his dismissal from the suit, including (1) Eleventh Amendment sovereign immunity, (2) Pigg's failure to state a claim upon which relief can be granted, and (3) *res judicata*. See Record Document 30. Pigg's opposition filing argues that Evans' position does not qualify him as a state official entitled to Eleventh Amendment protection. See Record Document 55.

On August 24, 2021, Evans filed a supplemental motion to dismiss, with leave of court, arguing qualified immunity as an additional ground for dismissal. See Record Document 73. Because the Court's decision in favor of dismissal can be reached without considering qualified immunity,[3] that motion is hereby **DENIED AS MOOT**.

**I.      Sovereign Immunity**

Federal Rule of Civil Procedure 12(b)(1) is the proper vehicle for dismissal on Eleventh Amendment grounds because sovereign immunity deprives a court of jurisdiction. See Warnock v. Pecos County, Texas, 88 F.3d 341, 343 (5th Cir. 1996). The Eleventh Amendment provides:

---

[3] Leave of court for this filing was granted chiefly because Evans' supplemental motion to dismiss and his reply memorandum to Pigg's opposition were contained in a single document. See Record Document 73.

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. Amend. XI. The Eleventh Amendment recognizes (1) each State is a sovereign entity in our federal system, and (2) it is inherent in the nature of sovereignty not to be amenable to the suit of an individual without consent. See Hans v. Louisiana, 134 U.S. 1, 13 (1890). As such, "[t]he Eleventh Amendment bars an individual from suing a state in federal court unless the state consents to suit or Congress has clearly and validly abrogated the state's sovereign immunity." Perez v. Region 20 Educ. Service Center, 307 F.3d 318, 326 (5th Cir. 2002); see also Delahoussaye v. City of New Iberia, 937 F.2d 144, 146 (5th Cir. 1991).

Courts "have shaped the contours of Eleventh Amendment immunity to comport with the common-sense notion that a plaintiff cannot avoid the sovereign immunity bar by suing a state agency or an arm of a State rather than the State itself." Richardson v. Southern University, 118 F.3d 450, 452 (5th Cir. 1997). Because official capacity suits brought against state officials seek recovery of damages from the state itself, they also fall within Eleventh Amendment protection. See Olivier v. University of Texas System, 988 F.2d 1209 (5th Cir. 1993). However, "[t]he Eleventh Amendment affords no protection to local government entities and employees." Porche v. St. Tammany Parish Sheriff's Office, 67 F. Supp.2d 631, 633 (E.D. La. 1999).

Here, the determinative question is whether Evans, as Clerk of Court for the 42nd Judicial District, is a state or local government official. See Parsons v. Bourff, 739 F.Supp. 1266, 1266 (S.D. Ind. Nov. 15, 1989). Numerous courts in Louisiana, after examining relevant state law, have concluded that clerks of courts are parish officials, and

consequently, are not entitled to Eleventh Amendment protection as state employees. See Dupard v. Lopinto, 2020 WL 1503619 at *11 (E.D. La. Mar. 30, 2020) ("In Louisiana, the Clerk of Court for a parish does not function as an arm of the state for purposes of the Eleventh Amendment"); Lumar v. St. John the Baptist Parish, 2002 WL 500477 at *5 (E.D. La. Apr. 2, 2002) ("the Clerk of Court is a political official of the local governmental subdivision wherein his office lies, namely, the parish"); see generally Gegenheimer v. Galan, 920 F.2d 307 (5th Cir. 1991). The Court agrees with this wealth of authority. Evans is a local government official, not entitled to the protections offered by the Eleventh Amendment. Sovereign immunity cannot be the avenue for dismissal of Pigg's claim.

II. **Failure to State a Claim**

In order to survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead "enough facts to state a claim [for] relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). A complaint need not contain detailed factual allegations but does require more than mere labels and conclusory statements. See id. at 555. Importantly, a "formulaic recitation of the elements of a cause of action will not do." Id. When evaluating a pleading, courts must accept all factual allegations as true, but need not accept legal conclusions as facts. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "Determining whether a complaint states a plausible claim for relief [is]… a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679. Facial plausibility is present when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 678 (citing Twombly, 550 U.S. at 556). "[P]ro se complaints are held to less stringent standards than those drafted by lawyers," but even

still, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." Taylor v. Books A Million, Inc., 296 F.3d 376, 378 (5th Cir. 2002).

"The right of access to the courts is basic to our system of government, and it is well established today that it is one of the fundamental rights protected by the Constitution." Ryland v. Shapiro, 708 F.2d 967, 971 (5th Cir. 1983). "A mere formal right of access to the courts does not pass constitutional muster. Courts have required that the access be 'adequate, effective, and meaningful.'" Bounds v. Smith, 97 S. Ct. 1491, 1495 (1977). Interference with the right of access to the courts gives rise to a claim for relief under § 1983. See Ryland, 708 F.2d at 972 (collecting cases).

Pigg's alleged inability to access court centers on the denial of various requests for conveyance records. See Record Document 6 at 4. According to Pigg, his attempts to obtain these records have been summarily denied without explanation, forcing him to rely on the "Accessor's [sic] Office" for information regarding the estate property in dispute. Id. He argues this frustration of his efforts has been ongoing for several years, citing previous rulings from the Louisiana 2nd Circuit Court of Appeal and the Louisiana Supreme Court in 2016. See id. at 3.

Pigg's allegations fall short of stating a plausible claim for relief. He has contradicted his assertion of denials without reasoning, alleging that Evans sometimes responded that the requested records were unavailable and that his letters to Evans were initially answered but responses diminished over time to eventually no correspondence at all. See id. at 4-6. Additionally, the 2016 cases cited by Pigg resulted in the denial of a writ of mandamus to order Evans to produce the conveyance records in question. See id.

at 3. Pigg's pleadings do not indicate a denial of access to the 42nd Judicial District; rather, they demonstrate his disagreement with Evans, the 2nd Circuit Court of Appeal, and the Louisiana Supreme Court. This cannot form the basis of a cognizable claim.

Pigg's initial complaint does briefly allege an instance in October 2020 when he mailed an over one-hundred-page complaint to the 42nd Judicial District that was rejected and returned by Evans without explanation. See Record Document 1 at 5. Pigg understood "this gesture from the Clerk of Court as an indication that he is not welcomed at the court." Id. Pigg offers no additional detail with respect to this allegation, failing to address it whatsoever in his amended complaint, focusing instead on his inability to obtain his requested property records. See Record Document 6. Without more than this short recitation of an alleged event, this also cannot serve as the foundation of a denial of access claim.

Pigg's allegations have fallen short of Rule 12(b)(6)'s standard. He has not stated a plausible § 1983 claim rooted in a denial of access to the state court in Desoto Parish. Accordingly, Evans' motion to dismiss is **GRANTED** and Pigg's § 1983 claim must be **DISMISSED**.

### III.  *Res Judicata*

Having concluded that Pigg has failed to state a claim against Evans, the Court need not wade into the complex waters of analyzing *res judicata* at the Rule 12(b)(6) stage of the litigation. On the showing made at this point in the litigation, the Court does believe this case meets the exception to the general rule against addressing *res judicata* on a motion to dismiss. See Anderson v. Wells Fargo Bank, N.A., 953 F.3d 311, 314 (5th Cir. 2020); Test Masters Educ. Servs., Inc. v. Singh, 428 F.3d 559, 570 n.2 (5th Cir. 2005).

However, questions regarding the essential elements of this bar on relitigating matters remain, particularly with respect to whether the prior Louisiana state court denials of Pigg's writ of mandamus constitute judgments on the merits.[4] Accordingly, the Court declines to analyze Evans' arguments of claim preclusion.

## CONCLUSION

For the reasons contained herein, Evans' motion to dismiss (Record Document 30) is hereby **GRANTED** and Pigg's § 1983 claim for denial of access to the 42nd Judicial District Court is hereby **DISMISSED**. Evans' supplemental motion to dismiss (Record Document 73) is hereby **DENIED AS MOOT**. An order consistent with the terms of this ruling shall issue herewith.

**THUS DONE AND SIGNED** in Shreveport, Louisiana on this 1st day of September, 2021.

*[signature]*

S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[4] Courts have struggled to determine whether prior final judgments without stated reasoning are sufficiently said to be made on the merits. See *Judgment Granting or Denying Writ of Mandamus or Prohibition as Res Judicata*, 21 A.L.R.3d 206 (1968).