UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| RANDY PIGG | CIVIL ACTION NO. 21-0159 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| BPX OPERATING CO., ET AL. | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before the Court is Defendant BPX Operating Company's ("BPX") Motion to Dismiss (Record Document 129). BPX requests dismissal under both Federal Rule of Civil Procedure 12(b)(1), for lack of subject-matter jurisdiction, and 12(b)(6), for failure to state a claim upon which relief can be granted. Plaintiff Randy Pigg ("Pigg") has filed a memorandum in opposition. See Record Document 131. BPX has responded with a reply memorandum. See Record Document 135. Having reviewed the complaint, as amended, and applicable law, the Motion to Dismiss will be **GRANTED** for lack of subject-matter jurisdiction.

**A. Background**

Pigg has now filed three federal lawsuits revolving at least partly around claims that he owns mineral rights in Louisiana. The instant suit originally asserted claims against various individuals. See Record Document 1. All claims against all defendants other than BPX have already been dismissed. See Record Documents 70, 81. The operative complaint is Pigg's Second Amended Complaint, see Record Document 98, filed in response to an order by Magistrate Judge Hornsby to properly name the BPX entity that Pigg intended to sue, see Record Document 82.

1

### B. Subject-Matter Jurisdiction

BPX initially asserts that the Court lacks subject-matter jurisdiction to consider Pigg's remaining claims. See Record Document 129 at 2. "When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." Block v. Tex. Bd. of Law Examiners, 952 F.3d 613, 616–17 (5th Cir. 2020) (quoting Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam)). Pigg's filings have generally asserted federal question jurisdiction under 28 U.S.C. § 1331 as a basis for the Court to exercise jurisdiction over his claims. See, e.g., Record Document 98 at 4. However, his complaint fails to state any claim against BPX which is related to federal law. Pigg's Second Amended Complaint is written on a provided form for prisoners asserting civil rights claims under 42 U.S.C. § 1983, but BPX is not a state actor and he refers to no cause of action against BPX which is cognizable under § 1983. Instead, Pigg requests only that Louisiana law be made applicable to him and that he be provided an "accounting" from BPX of the mineral interest he claims to own. Record Document 98 at 5. This is purely a Louisiana state-law claim that is insufficient to invoke the Court's federal question subject-matter jurisdiction.

Even to the extent the Second Amended Complaint is construed to properly incorporate the claims of Pigg's original Complaint, that Complaint did not even properly name BPX as a defendant, and asserted a colorable § 1983 claim only against defendant Jeremy M. Evans—Clerk of Court for the Louisiana 42nd Judicial District in DeSoto Parish—for denying him access to the courts, as further explained in Pigg's First Amended Complaint. See Record Document 6 at 4–6. That claim against Evans has since

2

been dismissed, leaving no viable federal claim standing. See Record Document 81. Pigg's memorandum in opposition to the instant motion notes that his § 1983 claims are predicated upon the Fifth and Fourteenth Amendments but does not explain how, and these vague and conclusory statements are insufficient to state any federal claim. See Record Document 131 at 2. Beyond that, Pigg's opposition merely refers repeatedly to state law matters involving property and mineral rights. See id. at 2–3.

Pigg also attempted to assert diversity subject-matter jurisdiction in his original complaint. See Record Document 1 at 7. Although Pigg did not state his own citizenship, he is incarcerated in California, and has been previously found by this Court to a be a California citizen for purposes of diversity jurisdiction. See Record Document 1 at 2; Pigg v. Gamble, No. 13-cv-0564, at *3–4, 2013 U.S. Dist. LEXIS 82936 (W.D. La. May 14, 2013). His complaint asserted that "BPX Energy" is a citizen of the state of Texas, not California, but provides no specific information on the state of incorporation of BPX or its principal place of business, as required to properly determine a corporation's citizenship for diversity purposes. See 28 U.S.C. § 1332(c)(1).[1] In addition, "BPX Energy," as named in the original complaint, was not an extant entity and all claims against them have since been dismissed as having been improperly stated. See Record Document 87. In Pigg's opposition, he reiterates that "it is believed that" BPX is a citizen of Texas and specifically asserts diversity jurisdiction. Record Document 131 at 2.

Properly asserting diversity subject-matter jurisdiction based on citizenship requires "clear, distinct, and precise affirmative jurisdictional allegations." Getty Oil Corp.

---

[1] Assuming, of course, that BPX is a corporation and not a noncorporate entity. That fact is only affirmatively stated as to "BPX Energy," which was later determined to be a nonexistent entity. See Record Document 1 at 7.

3

v. Insurance Co. of N. Am., 841 F.2d 1254, 1259 (5th Cir. 1988). This rule requires "strict adherence." Id. Pigg's mere allegations that BPX is not a citizen of California, or even that they are believed to be a citizen of Texas, do not meet this standard. In addition, diversity of citizenship is not the only requirement under § 1332; the amount in controversy must "exceed[] the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). Pigg's only statement in support of the amount of controversy is from his original complaint, in which he asserts that he "calculate[s] the amount [in controversy] in the range of $100,000." Record Document 1 at 7. He offers no further information or facts in support of this assertion, and the amount claimed was supposedly owed "individually, and collectively of all defendants named." Id. Since all other defendants and claims have already been dismissed, there is no information at all to support any assertion that the amount in controversy exceeds $75,000, as required for subject-matter jurisdiction. Pigg has provided no further information in his opposition memorandum as to whether this asserted amount still applies as to only BPX, and his complaints are so vague and conclusory as to make it impossible for the Court to discern the potential value of any remaining viable claims. "[B]are allegations [of jurisdictional facts] have been held insufficient to invest a federal court with jurisdiction." St. Paul Reinsurance Co. v. Greenberg, 134 F.3d 1250, 1253 (5th Cir. 1998) (quoting Asociacion Nacional de Pescadores v. Dow Quimica de Colombia S.A., 988 F.2d 559, 566 (5th Cir. 1993)).

**C. Conclusion**

"Federal courts are courts of limited jurisdiction." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675 (1994). The burden of establishing that a particular case or controversy falls within that limited jurisdiction must be borne by

the party asserting the federal forum. See id. In this case, that party is Randy Pigg as Plaintiff. Since Pigg has failed to sufficiently allege either the appropriate citizenship of all parties or facts supporting the amount in controversy, he has failed to carry his burden of supporting diversity subject-matter jurisdiction. Since he has already had an opportunity to correct these deficiencies in his opposition memorandum, in response to a Rule 12(b)(1) motion by BPX which precisely detailed the insufficiency of his prior complaints, the Court finds that additional opportunities to amend Pigg's complaint would only continue to waste judicial resources.

Accordingly, BPX's Motion to Dismiss (Record Document 129) is **GRANTED**. Pigg's complaint is **DISMISSED WITHOUT PREJUDICE** for lack of subject-matter jurisdiction. All other pending motions are **DENIED AS MOOT**.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 14th day of July, 2022.

S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT